IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DUSTIN CHARLES GOUDREAUX,<br><br>Defendant. | CR 19-09-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. U.S. District Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 42.)

On March 7, 2024, the Court conducted the final revocation hearing. Defendant admitted all violations alleged in the petition. Accordingly, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 4 months imprisonment, with 12 months supervised release to follow.

I.  **Background**

In 2019, Defendant pled guilty to the offense of assault resulting in serious bodily injury. (Docs. 25.) On July 31, 2019, the Court sentenced him to 24 months imprisonment, to be followed by 3 years supervised release. (Doc. 34.)

1

Defendant began serving the current term of supervised release on May 12, 2021. (Doc. 40.)

On November 14, 2023, the United States Probation Office filed the petition now at issue. (Doc. 40.) Based on the petition, Judge Christensen issued a warrant for Defendant's arrest. (Doc. 41.) Defendant was arrested on the warrant, and made an initial appearance on January 1, 2024. (Doc. 43.)

## II. Final Revocation Hearing

Defendant appeared at the revocation hearing on March 7, 2024. The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition of sentence. After consenting to proceed, Defendant admitted all of the violations as alleged in the petition.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is II, and the underlying offense is a class C felony. Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 4-10 months incarceration. Defendant could also be sentenced to as much as 36 months supervised release, less any custody time imposed. Counsel for the parties agreed with those calculations.

The United States requested a sentence of 4 months, with 12 months supervised release to follow. Defendant's counsel also requested a sentence of 4 months and 12 months supervised release to follow.

### III. Analysis

Based on Defendant's admissions to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to 4 months imprisonment, with 12 months supervised release to follow. No circumstances warrant a departure from the guideline range.

In determining the sentence to be imposed, the Court has considered the applicable factors set forth in 18 U.S.C. § 3553(a), and makes the following findings. First, with regard to the nature and circumstances of the violations, the Court finds the violations are serious, and warrant a custodial sentence. This is particularly true in light of the underlying offense. Defendant pled guilty to the offense of assault resulting in serious bodily injury. The current violations have escalated from a minor traffic offense, to failing to comply with required programming, to use of alcohol and methamphetamine, and ultimately to committing another aggravated assault.

Second, with regard to the history and characteristics of Defendant, he did very well under supervision for over two years from May 2021 until July 2023. His supervision would have expired in May 2024. Defendant completed treatment

services, sustained several years of sobriety, established positive relationships, and secured long-term employment and a residence.  It is apparent that Defendant relapsed with alcohol and controlled substances, which led to the current violations.

Third, as to affording adequate deterrence and protecting the public from further crimes, when Defendant initially violated the terms of his supervised release, he was given multiple opportunities to remain on supervision from July through October 2023, and was offered several alternative interventions and opportunities for treatment.  These interventions were not effective in bringing Defendant in compliance.  A term of custody is therefore necessary to deter future violations and protect the public from future criminal conduct.

Fourth, with regard to needed educational, vocational, or other correctional treatment, a term of supervised release is necessary to provide Defendant with any needed treatment and counseling to facilitate his transition back into the community.  A term of supervised release will also ensure Defendant returns to the positive path he was on during his first two years of supervision.

Considering all of these factors the Court concludes a sentence of 4 months custody, followed by 12 months of supervised release is sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a).

/ / /

## IV. <u>Conclusion</u>

Defendant was advised that the above sentence would be recommended to Judge Christensen, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance. He was also reminded that he has the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the condition of his supervised release that he not commit another federal, state or local crime as alleged in Violation No. 1.

2. Defendant violated the condition of his supervised release that he participate in an outpatient program of substance abuse treatment as alleged in Violation No. 2.

3. Defendant violated the condition of his supervised release that he abstain from the consumption of alcohol as alleged in Violation No. 3.

4. Defendant violated the condition of his supervised release that he refrain from unlawful use of a controlled substance as alleged in Violation No. 4.

5. Defendant violated the condition of his supervised release that he notify the probation officer within 72 hours if he is arrested or questioned by a law enforcement officer, as alleged in Violation No. 5.

Accordingly, **IT IS RECOMMENDED** that:

1. The Court should revoke Defendant's supervised release and sentence Defendant to 4 months imprisonment, with 12 months supervised release to follow; and

2. Defendant be ordered to comply with the mandatory and standard conditions of supervision, which have been adopted by this Court, as well as the special conditions previously imposed by the Court. (*See* Doc. 34 at 5.)

# NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations.

DATED this 7th day of March, 2024.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge